IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHARLES P. BLEDSOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:09-CV-69 (WLS) |
| | : | |
| REMINGTON ARMS COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### ORDER

Presently pending before the Court is Defendant's Motion for Protective Order and Motion to Quash the Subpoena for the Deposition of Robert W. Haskin, Jr. (Doc. 20). For the following reasons, Defendant's Motion for Protective Order and Motion to Quash the Subpoena for the Deposition of Robert W. Haskins, Jr. (Doc. 20) is **GRANTED-in-part** and **DENIED-in-part**.

### BACKGROUND

In this personal injury products liability design defect action, Plaintiff alleges that Defendant's Remington Model 710 bolt action rifle was dangerously defective and seeks punitive damages. (Doc. 1; Doc. 7). The Court entered a Discovery Order on September 2, 2009, setting discovery parameters. On November 17, 2009, Defendant filed the subject motion to quash the subpoena issued to its former General Counsel, Robert W. Haskin, Jr. Plaintiff sought to depose Robert W. Haskin, Jr. on December 4, 2009.

**LEGAL STANDARD**

A protective order which prohibits a deposition is rarely given. West Peninsular Title Co. v. Palm Beach County, 132 F.R.D. 301, 302 (S.D. Fla. 1990). Generally, parties are entitled to discover information if such information sought is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Parties may discover information that is not privileged and "is relevant to the claim or defense of any party." Id. Accordingly, a party may subpoena a party or non-party to attend a deposition or produce documents. Fed. R. Civ. P. 45(a)-(b). Where a subpoena commands the production of documents, notice must be served on each party before the subpoena is served. Fed. R. Civ. P. 45(b)(1). A subpoena which requires disclosure of privileged information or which is unduly burdensome must be quashed or modified by the issuing court on timely motion. Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). The party which seeks to quash a subpoena bears the burden of establishing that its request should be granted. *See* Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

**DISCUSSION**

Defendant asserts that Plaintiff's subpoena to Haskin was not served on Defendant prior to service on Haskin and is thus invalid; seeks disclosure of privileged information protected form discovery by the attorney-client privilege and the work product doctrine; and is overly broad and unduly burdensome. Plaintiff contends that it properly notified Defendant of Haskin's subpoena requiring deposition and production of documents, Haskin's additional titles provide a basis for deposition of non-privileged factual information, and its request for production of documents is sufficiently narrowed. Defendant asserts that a protective order should be entered

2

to prevent plaintiff from taking Haskin's deposition and prevent the production of requested documents.

### A. Notice of Deposition

As set forth above, a subpoena which commands production of documents must be served on each party prior to its issuance. Fed. R. Civ. P. 45(b)(1). Plaintiff's subpoena for deposition and production of documents was served on Haskins on November 10, 2009. Defendant states that it learned of the subpoena from Haskin that same day, but did not receive Plaintiff's mailed notice until November 16, 2009. Accordingly, Defendant contends that Plaintiff's subpoena should be quashed and a protective order entered because, in its view, Plaintiff did not provide the required notice. Plaintiff contends that it mailed a deposition notice to Defendant on November 10, 2009, the same day Haskin was served, and that its notice was effective upon mailing.

The Court finds the reasoning set forth in Florida Media, Inc. v. World Publications, LLC, 236 F.R.D. 693 (M.D. Fla. 2006), regarding "prior notice" pursuant to R. 45(b)(1) persuasive and applicable, in absence of a decision by the Eleventh Circuit Court of Appeals. "The purpose of the 'prior notice' provision is to give an opposing party the opportunity to object to the subpoena prior to the date set forth in the subpoena." Florida Media, 236 F.R.D. at 694. "For an objection to be reasonably possible, notice must be given well in advance of the production date." Id. Thus, the court in Florida Media found that "'prior notice' to other parties is satisfied when notice is given simultaneousely with the service of the subpoena." Id. at 695. Therefore, applying Florida Media to the circumstances present here, Plaintiff properly notified Defendant. Further, the Court finds that notice on November 10, 2009, was sufficient time within which Defendant could object, significantly in advance of the December 4, 2009

scheduled deposition. Accordingly, the Court finds that Plaintiff sufficiently complied with R. 45(b)(1).

### B. Attorney-Client Privilege

Defendant asserts that Haskin's deposition, should not be allowed to proceed, as he was its General Counsel. Plaintiff contends that Haskin's dual role as General Counsel and Vice President, Vice President of Marketing provides it with sufficient basis to depose Haskin. As an initial matter, the parties do not dispute that Georgia privilege law applies. *See* In re Fink, 876 F.2d 84, 85 (11th Cir. 1989). The attorney-client privilege functions to prohibit the disclosure of legal advice given by counsel to his client. *See* S. Guar. Ins. Co. of Ga. v. Ash, 383 S.E.2d 579, 582 (Ga. App. 1989). Plainly, that an attorney functions as in-house counsel, does not, *a fortiori*, establish that attorney-client privilege attaches to all communications involving that counsel where he also provides non-legal, business advice. *See* NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 154 (1974); Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). Defendant seeks to use a tripartite test established and utilized in Shelton to determine the propriety of deposing a party's attorney. Shelton, 805 F.2d at 1327. Shelton limited depositions of a party's attorney only where (1) no other means exist to obtain the information other than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. Id. Shelton's formulation was grounded upon the court's finding that harassing tactics of deposing an opposing party's attorney had become increasingly popular and disrupted the adversarial system. Id.

This Court finds that the instant action is readily distinguishable from Shelton; in that, Haskin is not current counsel for Defendant (either as General Counsel or counsel in the instant case) and, most importantly, his duality as General Counsel and Vice President, Vice President

of Marketing Haskin's even if solely titular, inherently beckons the purview of discovery. Accordingly, the Court declines to rigidly apply the <u>Shelton</u> factors.  Haskin's role coupled with documents submitted under seal by Plaintiff; establish that his deposition may properly proceed. Further, Defendant may specifically assert and preserve objections based upon attorney-client privilege and work-product doctrine during Haskin's deposition.

### C. Potential Burden

Defendant contends that Plaintiff's subpoena which commands production of 88 categories of documents from Haskin is vague, overly broad, unduly burdensome, and seeks irrelevant documents.  Defendant asserts that since the parties are limited to 25 requests, Plaintiff seeks to circumvent the Court's discovery order.   Further, Defendant states that several documents requested by Plaintiff are "Remington Confidential Documents" as outlined in the parties' Stipulated Protective Order (Doc. 17) and should not be condoned.  In response, Plaintiff states that it can reformulate its requests for production to comply with the Court's limitation of 25 requests for production of documents imposed on the parties.  Notably, Plaintiff does not assert that its requests did not seek production of documents covered by the parties' Stipulated Protective Order.  The Court finds that Plaintiff improperly propounded more than twenty-five (25) requests for production of documents and things upon deponent Haskin and sought items covered by the parties' Stipulated Protective Order.  Accordingly, the subpoena shall be modified to demand no more than twenty-five (25) requests for production of documents from the deponent, none of which shall violate the parties' Stipulated Protective Order (Doc. 17).

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Protective Order and Motion to Quash the Subpoena for the Deposition of Robert W. Haskin, Jr. (Doc. 20) is **GRANTED-in-part** and **DENIED-in-part**. The modified subpoena provided for herein may be reissued by Plaintiff.

**SO ORDERED**, this 11th day of **January, 2010**.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**